IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 MAY 17 PM 12:45

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 01-2503 Ma/P |
| | ) | |
| ACCU-SORT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING FEDERAL EXPRESS'S MOTION FOR PROTECTIVE ORDER AND DENYING AS MOOT NON-PARTIES UNITED PARCEL SERVICE, INC. AND DAVID DECOOK'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND CROSS-MOTION FOR PROTECTIVE ORDER

Before the court, by order of reference, are plaintiff Federal Express Corporation's ("Fed Ex") Motion for Protective Order As to Deposition of David Cook, filed May 4, 2005 (dkt #525), and non-parties United Parcel Service, Inc. ("UPS") and David DeCook's Emergency Motion for Protective Order, filed May 6, 2005 (dkt #531) and Cross-Motion for Protective Order, filed May 6, 2005 (dkt #532). Accu-Sort filed its response in opposition to Fed Ex's motion for protective order on May 11, 2005. On May 13, 2005, the court held a hearing on these motions. Counsel for all parties were present and heard. At the conclusion of the hearing, the court GRANTED Fed Ex's motion for protective order and DENIED as

-1-

moot UPS and DeCook's emergency motion and cross-motion, for the following reasons:

At the center of all of these motions is the proposed deposition of David DeCook, a former employee of UPS who now resides in Geogia. According to Accu-Sort, DeCook has information about facts relating to the period of time when AOA (presumably with Fed Ex's knowledge) installed, tested, and operated its MSDS at a UPS hub for the express purpose of selling MSDS's to UPS. On March 16, 2005, Accu-Sort for the first time disclosed DeCook as a person with knowledge by supplementing its October 3, 2001 disclosures to Fed Ex. On April 7, 2005, Accu-Sort issued a subpoena for the deposition of DeCook.[1] Fed Ex opposes the deposition on the basis that the discovery is untimely under the federal rules as well as in violation of District Judge Mays's January 25, 2005 order extending discovery and continuing the trial.

This court agrees that the discovery is untimely and violates Judge Mays's January 25 order. First, the parties appeared before District Judge Mays for a status conference on January 25. Judge Mays continued the trial to July 18, 2005, to allow the parties to conclude fact and expert discovery. According to the transcript of

---

[1] Although the subpoena was issued in the Northern District of Georgia, at the May 13 hearing, all counsel agreed to have this court rule on their dispute surrounding DeCook's deposition.

that conference, Judge Mays extended the fact discovery period to April 15, 2005, only on "pending discovery motions and whatever is in the Rule 30(b)(6). That's what the fact discovery is." At no time prior to the January 25 conference did Accu-Sort raise the issue of DeCook's deposition with Fed Ex or the court. In fact, although Accu-Sort had known for several years that DeCook was a person with knowledge, it did not disclose DeCook until March 16, 2005. Thus, Judge Mays's order did not extend discovery with respect to DeCook.

Second, the discovery sought by Accu-Sort is after the discovery deadline has passed. It is well settled that a court may deny a party the opportunity to obtain discovery if the information is sought after the close of discovery. Overnite Transp. Co. v. Int'l Bhd. of Teamsters, No. 99-2747, 2001 WL 1910054, *1 (W.D. Tenn. Oct. 26, 2001) (unpublished); Medtronic Sofamor Danek, Inc. v. Osteotech, Inc., No. 99-2656, 2001 WL 1910058, at *4 (W.D. Tenn. Sept. 21, 2001) (unpublished); see also Banks v. CBOCS West, Inc., No. 01-C-0785, 2004 WL 723767, *2 (N.D. Ill. Apr. 1, 2004)(unpublished); Willis v. New World Van Lines, Inc., 123 F.Supp.2d 380, 401 (E.D. Mich. 2000)(citing Ginett v. Federal Express Corp., 166 F.3d 1213 (6th Cir 1998)). Although there may be good cause to excuse an untimely request for discovery under certain circumstances, Accu-Sort has not sufficiently demonstrated to the court that allowing an extension of discovery is appropriate

in this case. This litigation has been pending since June 2001, and the trial (which has been continued on several occasions) is only two months away. Accu-Sort has known about DeCook for years, and yet did not make any prior efforts to depose DeCook. Although Accu-Sort recently changed lead counsel, that does not justify an extension of the discovery deadline. Moreover, although there was a pending discovery dispute between Fed Ex and UPS regarding Fed Ex's subpoena for documents from UPS, that pending dispute certainly did not bar Accu-Sort from deposing DeCook. Finally, the parties have already obtained written discovery and taken several depositions of Fed Ex and AOA witnesses regarding AOA's demonstration of MSDS to UPS. In Accu-Sort's response brief and at the May 13 hearing, other than generally stating that it believes that DeCook has information about the MSDS demonstration and information that would support its damages expert, Accu-Sort has failed to demonstrate to the court that the deposition of DeCook is so critical that it somehow justifies reopening discovery at this stage in the litigation.

Therefore, Fed Ex's motion for protective order is GRANTED. UPS and DeCook's motion for protective order and cross-motion are DENIED as moot.[2]

---

[2] The motion before the court relates only to the issue of whether Accu-Sort may depose DeCook outside of the fact discovery period. This order does not preclude the parties from calling DeCook as a witness at trial. According to Fed Ex, it intends to file a motion to exclude DeCook and other Accu-Sort witnesses at a later date.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

5/17/05
Date _____

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 539 in case 2:01-CV-02503 was distributed by fax, mail, or direct printing on May 17, 2005 to the parties listed.

---

John R. Branson
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Charles F. Morrow
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Cynthia D Vreeland
WILMER CUTLER PICKERING HALE & DORR LLP
60 State St.
Boston, MA 02109

Anthony Volpe
VOLPE & KOENIG, P.C.
30 S. 17th St.
Ste. 1600
Philadelphia, PA 19103

John Patterson Brumbaugh
KING & SPALDING
191 Peachtree St. N.E.
Atlanta, GA 30303--176

Michael R. Heyison
WILMER CUTLER PICKERING HALE & DOOR LLP
60 State St
Boston, MA 02109

Frank M. Holbrook
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

John J O'Malley
VOLPE & KOENIG, P.C.
30 S. 17th St.
Ste. 1600
Philadelphia, PA 19103

Michael W. Higginbotham
FEDEX CORPORATION- Hacks Cross
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

J. Brook Lathram
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Cynthia J. Collins
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Grady M. Garrison
BUTLER SNOW O'MARA STEVENS & CANNADA, PLLC
P.O. Box 171443
Memphis, TN 38187--144

John G. Fabiano
WILMER CUTLER PICKERING HALE & DOOR LLP
60 Hale St
Boston, MA 02109

David Wade
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Stephen R. Cochell
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Honorable Samuel Mays
US DISTRICT COURT