FILED BY _JE_ D.C.

05 JUN 27 PM 3:17

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| FEDERAL EXPRESS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| ACCU-SORT SYSTEMS, INC., | ) | No. 01-2503 Ma/P |
| Defendant. | ) | |

## ORDER ON PENDING APPEALS

Before the court are four appeals of discovery rulings made in this case by Magistrate Judge Tu Pham: 1) Defendant Accu-Sort, Systems, Inc.'s ("Accu-Sort") appeal, filed December 27, 2004, of the December 22, 2004 order compelling Accu-Sort to produce "earn out" agreements for specified deponents, 2) Federal Express Corporation's ("FedEx") appeal of a January 14, 2005 discovery order, filed January 19, 2005, 3) FedEx's appeal, filed May 2, 2005, of an April 22, 2005 order granting Accu-Sort's motion to modify a stipulated protective order and compel response from FedEx in a 30(b)(6) deposition, and 4) Accu-Sort's appeal, filed May 25, 2005, of the May 17, 2005 order granting FedEx's motion for a protective order as to the deposition of David DeCook. With the

exception of the appeal filed January 14, 2005, each of the appeals received a timely response from the opposing party. For the following reasons, all of the appeals are DENIED, and the magistrate judge's orders are AFFIRMED.

## I. Legal Standard

This court may reject the magistrate judge's decision about a nondispositive matter only if that decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). See Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993). A decision is clearly erroneous when the court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). "[T]he clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)(citing Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985).

## II. Appeal Filed December 27, 2004

On December 22, 2004, the magistrate judge granted FedEx's emergency oral motion to reconsider an earlier order compelling Accu-Sort to produce information regarding "earn-out" provisions of the Danaher-Accu-Sort stock acquisition agreement for any witnesses that might appear at trial. The earn-out provisions in question

2

are financial incentives available to various Accu-Sort shareholders if certain financial targets are met, and they give those individuals a financial stake in the company and, therefore, the instant litigation. In deciding the prior motion to compel production, the magistrate judge found that this stake impacted witness credibility and ordered Accu-Sort to produce earn-out provision terms relating to Accu-Sort shareholders who might testify at trial. Accu-Sort then represented that it no longer intended to call any of these witnesses at trial,[1] and FedEx filed the emergency oral motion to reconsider. FedEx argued that, even if Accu-Sort did not call the shareholders as witnesses at trial, FedEx might wish to introduce some of the shareholders' deposition testimony and that the earn-out provisions were still relevant to credibility in that respect. The magistrate judge agreed and ordered Accu-Sort to produce the earn-out provisions only for those individuals who had already been deposed.

Accu-Sort argues that the evidence sought is irrelevant and/or duplicative and that the ruling resulted from an improper appeal of the magistrate judge's prior order. Accu-Sort has failed to show that the magistrate judge's finding of relevance is clearly erroneous. Rule 26(b) allows discovery of any material reasonably calculated to lead to the discovery of admissible evidence and grants the trial court discretion to limit discovery. Documents relevant to the credibility of testimony to be offered at trial are

---

[1] Because the shareholders were no longer individuals "who might testify at trial," Accu-Sort did not produce any earn-out provisions.

3

discoverable. See, e.g., U.S. v. Nobles, 422 U.S. 225, 231-32 (1975); American Electric Power Co., Inc. v. U.S., 191 F.R.D. 132, 138 (S.D. Ohio 1999). Rather than citing any evidence or law questioning the magistrate judge's finding of relevance, Accu-Sort asserts in a conclusory fashion that the earn-out provisions are not affected by the outcome of this litigation and that no further evidence is necessary to show that Accu-Sort shareholders are biased.[2] Such a showing is insufficient to demonstrate clear error.

Accu-Sort further contends that FedEx's emergency oral motion constituted an appeal of the magistrate judge's prior order in violation of Local Rule 7.2(a)(1), because it was not accompanied by a "supporting memorandum of facts and law, and ... a certificate of service of the motion." This provision governs the acceptance of motions by the court clerk; it does not limit the magistrate judge's discretion in controlling his docket. Further, to the extent that Accu-Sort's objection rests on its lack of opportunity to file a responsive brief, the magistrate judge ruled on the motion only after holding a hearing. Accu-Sort had an opportunity to be heard, and the magistrate judge ruled in favor of FedEx. If the shortened time frame prevented Accu-Sort from offering argument or evidence that the earn-out provisions were irrelevant, Accu-Sort could have made such a showing to this court in the intervening time. It has not done so. The magistrate judge has broad

---

[2] Accu-Sort is currently the only party in possession of the earn-out provisions.

4

discretion in the administration of his own docket, and his decision to entertain FedEx's motion and hold an emergency hearing was not clearly erroneous. See, e.g., Clinton v. Jones, 520 U.S. 681, 706 (1997).

### III. Appeal Filed January 19, 2005

FedEx objects to the magistrate judge's order granting several of Accu-Sort's motions to compel discovery. Several of those objections are based on the argument that the orders would unduly delay the proceedings.[3] Because the trial has since been continued, those objections are moot. (See Order Amending Schedule, February 9, 2005). Further, FedEx's objection to the order compelling production of a Rule 30(b)(6) designee is also moot, because Accu-Sort deposed that individual on March 3-4, 2005. (See Accu-Sort's List of Witnesses at 38.) Thus, all objections raised in the appeal filed January 19, 2005, are MOOT.

### IV. Appeal Filed May 2, 2005

FedEx's May 2 appeal addresses a long discovery dispute about the extent to which a Rule 30(b)(6) deponent will be allowed to view documents labeled "Attorney's Eyes Only" ("AEO"). Because this lawsuit includes confidential, proprietary information, it has been conducted under a Standing Protective Order ("SPO"). The SPO

---

[3] FedEx objects to the following rulings based on their potential for delay: 1) granting Accu-Sort's motion for enlargement of the period for Accu-Sort to serve its Rule 26 expert disclosures, 2) granting Accu-Sort's motion to amend the stipulated protective order, in furtherance of Accu-Sort's efforts to depose non-party witnesses in other jurisdictions, and 3) granting Accu-Sort's motion to extend the discovery period.

allows a party to limit the viewing of documents deemed to contain sensitive information to opposing counsel, thereby preventing opposing parties' access to the documents. At his deposition, FedEx's Rule 30(b)(6) designee claimed that he could not answer certain questions because he had not had an opportunity to review AEO documents in the possession of Accu-Sort. Thereafter, Accu-Sort filed a motion to modify the SPO so that FedEx designees could view AEO documents, conditioned on the consent of intervening party United Parcel Service, Inc. ("UPS"). The magistrate judge granted the motion in part, ordering FedEx to provide Accu-Sort and UPS with a list of AEO documents that FedEx intended to show its designee(s) in preparation for the deposition. Accu-Sort and UPS were ordered to respond by May 11, 2005, with any objections they had to allowing FedEx's designee(s) to review the AEO documents.

FedEx's first objection appears to be based on the timing of Accu-Sort's motion. The magistrate judge found, and Accu-Sort appears to have conceded, that it "could have and should have" filed the motion earlier. FedEx argues that, given the course of discovery and the long delay before the filing of its motion, Accu-Sort should be deemed to have waived its right to depose FedEx's designee(s) with questions about the AEO materials. Considering the importance of this material to the lawsuit and the time frame leading to trial, however, the magistrate judge's ruling was reasonable. The magistrate judge stressed the importance of the disputed material to the issues in the trial, and FedEx has offered no argument to contradict his conclusion. Thus, FedEx has not

6

demonstrated that the decision to allow the deposition to go forward under the conditions described above was clearly erroneous.

FedEx's other legal basis for objection appears to be that a compilation of documents deemed by FedEx to be relevant to the questions posed to its designee constitutes protected attorney work product. This contention is without merit. First, it does not appear that FedEx raised the work-product issue at the hearing.[4] More importantly, the deposition questions posed and the documents in dispute are central to the issues at trial and, in particular, to FedEx's claim for trade-secret misappropriation.[5] A plaintiff's attorney's ideas about what facts are relevant to the plaintiff's claim may arguably reflect protected mental impressions, opinions, conclusions, judgments, or legal theories. A court, however, may order discovery of attorney work product if "the party seeking discovery has substantial need of the materials in the preparation of the party's case and ... the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). Such a showing has been made where "the work product material at issue is central to the substantive claims in litigation." Johnson v. Bryco Arms, 2005 WL 469612, at *4 (E.D.N.Y. 2005)(internal quotations omitted). This

---

[4] To the extent that a designation of relevant documents may constitute attorney work product, those documents would likely be disclosed under Fed. R. Civ. P. 26(a)(3)(C). Because the date of those disclosures is near, any prejudice to FedEx would be minimal.

[5] It is still unclear which material in the possession of Accu-Sort is deemed by FedEx to be relevant to its claims.

situation presents such a case. A plaintiff cannot bring a claim in court and then withhold from the defendant, under the work-product doctrine, its basic ideas about what facts are relevant to the claim. For the foregoing reasons, the magistrate judge's order is not clearly erroneous.

**V. Appeal Filed May 25, 2005**

On May 17, 2005, four days after holding a hearing on the matter, the magistrate judge granted FedEx's motion for a protective order as to the deposition of David DeCook. Accu-Sort disclosed Mr. DeCook as a person with knowledge for the first time on March 16, 2005. On April 7, 2005, Accu-Sort issued a subpoena for the deposition of DeCook. The magistrate judge granted FedEx's motion on the grounds that the disclosure was untimely under the Federal Rules of Civil Procedure and under this court's January 25, 2005 order extending discovery. Accu-Sort argues that the sanction of exclusion is unduly harsh and that DeCook is a crucial witness.

This lawsuit has been pending since June 27, 2001. On January 25, 2005, the court held a status conference and continued the trial to July 18, 2005. The court extended fact discovery to April 15, 2005, only on "pending discovery motions and whatever is in the Rule 30(b)(6)." Accu-Sort did not name DeCook as a witness or raise the issue of his deposition at any time before or during the January 25 conference. Accu-Sort admits that DeCook should have been identified as a witness before he was and that "his name appears on or in connection with numerous documents that have been

8

produced, including documents that FedEx itself has included on its preliminary list of trial exhibits." (Memo. at 3.) Although Accu-Sort offers this statement to show a lack of prejudice to FedEx, it demonstrates that Accu-Sort has also had ample opportunity to name DeCook as a witness.

It is well established that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at trial ... any witness ... not so disclosed." Fed. R. Civ. P. 37(c)(1). A trial court must "sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified." Sexton v. Uniroyal Chemical Company, Inc. R.T., 62 Fed. App. 615, 2003 WL 1870918, at *1 n.1 (6th Cir. 2003). The magistrate judge cited several cases holding that a party may be denied the opportunity to obtain discovery if the information is sought after discovery has closed. See, e.g., Overnite Transportation Co. v. Int'l Brotherhood of Teamsters, 2001 WL 1910054, at *1 (W.D. Tenn. 2001); Medtronic Sofamor Danek, Inc. v. Osteotech, Inc., 2001 WL 1910058, at *4 (W.D. Tenn. 2001). That these cases decided motions to compel discovery rather than motions for protective orders does not distinguish them from the facts of this case.

The extension of the discovery deadline to April 15, 2005 was limited to the 30(b)(6) deposition and discovery motions pending at the time, and no provision was made for the extension of discovery

9

as to DeCook.[6] Because Accu-Sort had several years to seek DeCook's testimony, its late attempt at discovery is not justified. That Accu-Sort long assumed that FedEx would seek testimony from DeCook does not excuse Accu-Sort from gathering evidence on its own behalf. Further, because of the long delay in bringing this case to trial, reopening discovery now would work an undue harm. This case is not, as contended by Accu-Sort, one in which exclusion of a witness will "deprive[] an innocent party of their day in court." See Freeland v. Amigo, 103 F.3d 1271, 1281 (6th Cir. 1997)(overturning district court's exclusion of all expert witnesses). Several witnesses other than DeCook will be called to testify on the issue in question. Thus, the magistrate judge's order granting the motion for a protective order as to the deposition of David DeCook was not clearly erroneous.

---

[6] Accu-Sort's argument that DeCook's testimony will relate to "facts that are the subject of ... whatever is in the Rule 30(b)(6)" misquotes the court's statements at the January 25 status conference; the quote combines separate statements made by the court and Mr. Holbrook. The court's actual statement clearly indicates that discovery is to proceed with the Rule 30(b)(6) deposition itself.

## VI. Conclusion

For the foregoing reasons, all pending appeals are DENIED, and the magistrate judge's orders that are not moot are AFFIRMED.

So ORDERED this 24th day of June 2005.

*/s/ signature*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 583 in case 2:01-CV-02503 was distributed by fax, mail, or direct printing on June 28, 2005 to the parties listed.

---

John R. Branson
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Michael W. Higginbotham
FEDEX CORPORATION- Hacks Cross
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Cynthia J. Collins
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

David Wade
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Grady M. Garrison
BUTLER SNOW O'MARA STEVENS & CANNADA, PLLC
P.O. Box 171443
Memphis, TN 38187--144

Anthony Volpe
VOLPE & KOENIG, P.C.
30 S. 17th St.
Ste. 1600
Philadelphia, PA 19103

John J O'Malley
VOLPE & KOENIG, P.C.
30 S. 17th St.
Ste. 1600
Philadelphia, PA 19103

J. Brook Lathram
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

John G. Fabiano
WILMER CUTLER PICKERING HALE & DOOR LLP
60 Hale St
Boston, MA 02109

Stephen R. Cochell
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

John Patterson Brumbaugh
KING & SPALDING
191 Peachtree St. N.E.
Atlanta, GA 30303--176

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Charles F. Morrow
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Frank M. Holbrook
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Michael R. Heyison
WILMER CUTLER PICKERING HALE & DOOR LLP
60 State St
Boston, MA 02109

Cynthia D Vreeland
WILMER CUTLER PICKERING HALE & DORR LLP
60 State St.
Boston, MA 02109

Honorable Samuel Mays
US DISTRICT COURT