IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL -6 PM 4: 43

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01-2503 Ma/P |
| ) | |
| ACCU-SORT SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER DENYING MOTION TO RECONSIDER AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

On March 31, 2005, the court entered an order granting summary judgment on two of FedEx's claims. Before the court are the motion to reconsider and motion for partial summary judgment of Plaintiff Federal Express Corporation ("FedEx"), both filed May 24, 2005. Defendant Accu-Sort Systems, Inc. ("Accu-Sort") responded on June 21, 2005. For the following reasons, the motions are DENIED.

### I. Legal Standard

FedEx moves the court, under Fed. R. Civ. P. 54(b), to reconsider its dismissal of Count Four of the third amended complaint, alleging misappropriation of the invention known as the DM3000, and enter partial summary judgment in favor of FedEx on

that count. Unlike Rule 59(e),[1] which applies only to final judgments, Rule 54(b) allows a court to reconsider and revise its orders "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).[2] As a result, when a court enters a decision that does not adjudicate all the claims or the rights and liabilities of all the parties in the lawsuit, the court may reconsider its decision. The March 31 order did not adjudicate all of the parties' claims and counterclaims and did not purport to be a final judgment. Therefore, the court will reconsider the March 31 order under Rule 54(b).

Parties who seek reconsideration of interlocutory decisions by the court, including the grant of a motion for summary judgment, are proceeding under Rule 54(b). See Al-Sadoon v. FISI*Madison Fin. Corp., 188 F. Supp. 2d 899, 900 (M.D. Tenn. 2002). That rule, however, "does not expressly provide for such motions by parties and does not prescribe any standards or bases for revisions of

---

[1] Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment."

[2] Rule 54(b) states: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such a determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

2

prior decisions." Id. at 900-01. The Al-Sadoon court extensively analyzed other federal districts' treatment of motions to reconsider interlocutory decisions, noting that several districts have limited such motions to the grounds available for motions to alter or amend a final judgment under Rule 59(e). Id. at 901 (citing Local Rule 60.1 (D. Hawaii 2001); Local Civil Rule 7(e) (W.D. Wash. 2001); Local Rule 7-9(b) (N.D. Cal. 2001); and Local Rule 7-7.17 (C.D. Cal. 2001)). The Al-Sadoon court also stated that it generally considers motions to reconsider "pursuant to the grounds available for motions to alter or amend under Rule 59(e) or upon a showing that the court clearly overlooked material facts or controlling law that were presented by the party in its prior motion and that would result in a different disposition." Id. at 902. This court will apply the Rule 59(e) standard to the present motion.

In the Sixth Circuit, a Rule 59(e) motion "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such a motion "may not be used to relitigate old matters, or to raise arguments, or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). The court should use its

3

"informed discretion" in deciding whether to grant or deny a Rule 59(e) motion. See Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).

## II. Analysis

The court granted summary judgment on Count Four of the third amended complaint on the ground that it was not brought within the three-year statute of limitations for property torts contained in Tenn. Code Ann. § 28-3-105. FedEx argues that the court should have applied the six-year statute of limitations for contract claims. FedEx contends that it alleges "misappropriation" of the DM3000 only to the extent that Accu-Sort claims possession of that invention in violation of the Consulting Agreement between the parties. FedEx now appears to disclaim that the DM3000 incorporates any information alleged to be a common law trade secret.

In Tennessee, the statute of limitations to be applied to an action is based on the gravamen of the complaint, rather than its designation as an action sounding in tort or contract. Alexander v. Third Nat'l Bank, 915 S.W.2d 797, 798 (Tenn. 1996); Pera v. Kroger Co., 674 S.W.2d 715, 719 (Tenn. 1984). The gravamen, or real purpose, of an action is determined by the basis on which damages are sought. Green v. Moore, 2001 WL 1660828, at *3 (Tenn. Ct. App. 2001)(citing Bland v. Smith, 277 S.W.2d 377, 379 (Tenn. 1955)). In the instant case, FedEx seeks compensatory and punitive damages for

4

Accu-Sort's alleged use of FedEx's proprietary information.

Although Count Four is titled "Breach of Consulting Agreement," the alleged breach of contract consists of the use by Accu-Sort of technology alleged to belong to FedEx.

> The gravamen of an action is in tort and not in contract ... when an act constituting a contractual breach also constitutes a breach of a common law duty independent of the contract. ... Where a contractual relationship exists between persons and at the same time a duty is imposed by or arises out of the circumstances surrounding or attending the transaction, the breach of duty is a tort. In such a case, the tortious act, and not a breach of contract is the gravamen of the action; the contract is the mere inducement creating the state of things which furnishes the occasion for the tort.

Green, 2001 WL 1660828, at *3; Mullins v. Golden Circle Ford, Inc., 1986 WL 3837, at *7 (Tenn. Ct. App. 1986); see also Chase Manhattan Bank, N.A. v. CVE, Inc., 206 F. Supp.2d 900, 906 (M.D. Tenn. 2002).

FedEx argues that the court misapplied the holding of Green because the complaint alleges only the breach of contractual duties as to the DM3000. In Green, the court compared the complaint's factual allegations to the elements of the tort in question. See Green, 2001 WL 1660828, at *3-4 (finding that the gravamen of the action was not intentional infliction of emotional distress because the complaint did not allege all of the elements of that tort).

A trade secret is "any formula, process, pattern, device or compilation of information that is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not use it." Hickory Specialties, Inc. v. B & L Labs, 592

5

S.W.2d 583, 586-87 (Tenn. Ct. App. 1979). The misappropriation of a trade secret requires the communication of a trade secret to a party in a position of trust or confidence and the subsequent use of that secret to the plaintiff's detriment. See Hickory Specialties, Inc. v. B&L Laboratories, Inc., 592 S.W.2d at 586; Wright Medical Technology, Inc. v. Grisoni, 135 S.W.3d 561, 588 (Tenn. Ct. App. 2001); TGC Corp. v. HTM Sports, B.V., 896 F.Supp. 751, 757 (E.D. Tenn. 1995). Count Four incorporates all prior factual allegations and further alleges that

> AccuSort has misappropriated and has continued to misappropriate the ownership of a dimensioning system known as the 'DM3000'.... Under Section 13 of the Consulting Agreement, AccuSort is obligated to turn over and assign to FedEx all formulae, processes, machines, compositions of matter (or improvements thereof) computer programs, know-how, discoveries, techniques, drawings, specifications, renderings and all other documents, data and materials ("Materials") in any way related to the work conducted on the MSDS project. As a result of AccuSort's misappropriation and continuing misappropriation, FedEx has been damaged.

Third Am. Compl. ¶¶ 47-49. FedEx's allegations presuppose that the Consulting Agreement grants it proprietary rights in the DM3000 and whatever technology it incorporates. FedEx also alleges that this information was to remain confidential under the Consulting Agreement.[3] (Id. at ¶ 17.) Section 13 of the Consulting Agreement assigns patent and common law rights to FedEx, further demonstrating that the protected information provides the

---

[3] "[Accu-Sort] shall not communicate [FedEx's] information in any form to any third party without [FedEx's] prior written consent." Consulting Agreement § 10.

6

competitive business advantage that characterizes common-law trade secrets.

The gravamen of Count Four, therefore, is the misappropriation of trade secrets. This conclusion is further demonstrated later in the complaint, where FedEx asks the court to "[e]nter an injunction prohibiting AccuSort from using and/or disseminating FedEx's trade secret, confidential and/or proprietary information including, but not limited to restraining and enjoining the sale of the DM3000 ... and any other technology derived from AccuSort's misappropriation of FedEx's confidential trade secret information and misappropriation of FedEx's property." (Third Am. Compl. at 13.) Thus, the court's application of the three-year statute of limitations to Count Four was not based on a clear legal error. Because FedEx cites no other new evidence or change in law, its motion to reconsider and motion for partial summary judgment must be DENIED.

So ordered this 5th day of July 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 603 in case 2:01-CV-02503 was distributed by fax, mail, or direct printing on July 7, 2005 to the parties listed.

---

John Patterson Brumbaugh
KING & SPALDING
191 Peachtree St. N.E.
Atlanta, GA 30303--176

Anthony Volpe
VOLPE & KOENIG, P.C.
30 S. 17th St.
Ste. 1600
Philadelphia, PA 19103

John R. Branson
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

John J O'Malley
VOLPE & KOENIG, P.C.
30 S. 17th St.
Ste. 1600
Philadelphia, PA 19103

Frank M. Holbrook
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

David Wade
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Grady M. Garrison
BUTLER SNOW O'MARA STEVENS & CANNADA, PLLC
P.O. Box 171443
Memphis, TN 38187--144

Charles F. Morrow
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

John G. Fabiano
WILMER CUTLER PICKERING HALE & DOOR LLP
60 Hale St
Boston, MA 02109

Michael W. Higginbotham
FEDEX CORPORATION- Hacks Cross
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Cynthia J. Collins
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Cynthia D Vreeland
WILMER CUTLER PICKERING HALE & DORR LLP
60 State St.
Boston, MA 02109

Stephen R. Cochell
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Michael R. Heyison
WILMER CUTLER PICKERING HALE & DOOR LLP
60 State St
Boston, MA 02109

J. Brook Lathram
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT