IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL -6 PM 4: 42

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-2503 Ma/P |
| | ) | |
| ACCU-SORT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT ON ALLEGED MISAPPROPRIATION OF CALIBRATION TRADE SECRET

Before the court is Defendant Accu-Sort Systems, Inc.'s ("Accu-Sort") motion for summary judgment on FedEx's claim that Accu-Sort misappropriated FedEx's calibration trade secret, filed May 11, 2005. Plaintiff Federal Express Corporation ("FedEx") filed a response on May 24, 2005, to which Accu-Sort replied on June 8, 2005. For the following reasons, the motion is DENIED.

### I. Background

On March 31, 2005, the court entered an order denying Accu-Sort's motion for summary judgment on the ground that FedEx had failed to offer evidence establishing the existence of a valid trade secret. Accu-Sort moves again for summary judgment on that issue, arguing that the Information Exchange Agreement ("IEA")

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-7-05

604

between Adaptive Optics Associates ("AOA") and Accu-Sort conclusively establishes that FedEx failed adequately to protect the calibration technology at issue in this lawsuit. Thus, Accu-Sort contends, the calibration technology cannot qualify as a trade secret under Tennessee common law, and FedEx's claim for misappropriation must be dismissed.

AOA is a competitor of Accu-Sort, engaged in a similar business. After AOA had been retained by FedEx to assist in developing FedEx's Mass Scanning and Dimensioning System ("MSDS"), it encountered difficulty using Accu-Sort's bar code readers.[1] As a result, Jim Odenthal of Accu-Sort came to AOA's facility to assist AOA personnel. Because the parties would need to exchange confidential information, they entered into the IEA at issue in this motion. The IEA contains the following provision:

> "Proprietary Information" means any information, knowledge or data received by the Receiving Party from the Disclosing Party in furtherance of or pursuant to the Program, which is clearly marked with proprietary legends by the Disclosing Party at the time of disclosure and, if the information is orally or visually disclosed, which is reduced to writing and clearly marked with proprietary legends within thirty (30) days of initial disclosure.

IEA ¶ 1(c). Accu-Sort avers that the calibration technology exchanged between AOA and Accu-Sort was not marked with proprietary legends as required by the IEA and that FedEx has not produced

---

[1] Accu-Sort was originally retained by FedEx to develop the MSDS. Due to circumstances outlined in prior orders, AOA replaced Accu-Sort, and Accu-Sort remained on the project solely as a provider of goods.

2

evidence showing that the material was so marked.[2] Consequently, Accu-Sort argues, the calibration technology was disclosed without the requisite safeguards of confidentiality, and FedEx cannot now claim it as a trade secret.

## II. Legal Standard

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as

---

[2] In its response, FedEx states that it "can neither admit nor deny this allegation since it involves communications to which FedEx was not a party." (Opp. Memo. at 4.)

3

to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." <u>Cloverdale Equip. Co. v. Simon Aerials, Inc.</u>, 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. <u>See</u> <u>InterRoyal Corp. v. Sponseller</u>, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. <u>See</u> <u>id.</u>

### III. Analysis

Under Tennessee common law, a trade secret is "any formula, process, pattern, device or compilation of information that is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not use it." <u>Hickory Specialties, Inc. v. B & L Labs</u>, 592 S.W.2d 583, 586-87 (Tenn. Ct. App. 1979).

Factors to consider in determining whether information constitutes a trade secret are (1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the

business and to its competitors; (5) the amount of money or effort expended by the business in developing the information and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. Venture Express, Inc. v. Zilly, 973 S.W.2d 602, 606 (Tenn. Ct. App. 1998). The misappropriation of a trade secret requires the communication of that secret to a party in a position of trust or confidence and the subsequent use of that secret to the plaintiff's detriment. See id at 586; Wright Medical Technology, Inc. v. Grisoni, 135 S.W.3d 561, 588 (Tenn. Ct. App. 2001); TGC Corp. v. HTM Sports, B.V., 896 F.Supp. 751, 757 (E.D. Tenn. 1995). Accu-Sort claims that AOA's disclosure of FedEx's calibration technology without properly designating it as "proprietary information" under the IEA eliminates any trade secret protection FedEx may have in that information and proves that Accu-Sort did not receive the information in a position of trust and confidence.

In its prior order on summary judgment, the court concluded that FedEx had offered "sufficient evidence to demonstrate the proprietary nature of the MSDS information and the measures taken to guard its secrecy."[3] (Order at 17.) That AOA may have disclosed FedEx information without properly designating it as confidential does not negate that conclusion. AOA, not FedEx, disclosed the allegedly proprietary information, when AOA itself had a

---

[3] The calibration technology at issue in this motion was associated with FedEx's MSDS. (See Accu-Sort's Memo. at 4; Jankevics Aff. ¶ 1.)

5

contractual obligation of confidentiality as to the calibration technology.

More importantly, Accu-Sort was also contractually obligated to keep confidential any information it received from FedEx. Before AOA disclosed the calibration technology to Accu-Sort, Accu-Sort had entered directly into a Consulting Agreement and a Mutual Non-Disclosure Agreement with FedEx. (Order at 25-32.) The Consulting Agreement sets forth the following obligation:

> Consultant [Accu-Sort] acknowledges that certain of [FedEx's] proprietary valuable, confidential and proprietary information may come into [Accu-Sort's] possession. Accordingly, [Accu-Sort] agrees that all such information furnished to [Accu-Sort] by [FedEx] shall remain the exclusive property of [FedEx], and agrees to hold *all information it obtains from or about [FedEx]* in the strictest confidence.

(Consulting Agreement § 10 (emphasis added).) Further, the Mutual Non-Disclosure Agreement provides as follows:

> Each party acknowledges that *all material and information which has or will come into its possession or knowledge* after Accu-Sort [sic] in connection with business discussions, conferences or other activities in pursuit of a business relationship between [FedEx] and Accu-Sort (i) is proprietary to the disclosing party ... (ii) is secret, confidential and unique, and constitutes the exclusive property of the disclosing party .... [E]ach party agrees to hold the other's Confidential Information in strictest confidence and not to make use of it other than for the benefit of the other party.

(Mutual Non-Disclosure Agreement § 1 (emphasis added).)

There is evidence that both of these provisions were in effect when Accu-Sort received information from AOA about FedEx's

6

calibration technology.[4] (Order at 27, 31.) Significantly, neither of the provisions attempts to limit or designate which FedEx information Accu-Sort is to treat as confidential. Consequently, FedEx has offered sufficient evidence that Accu-Sort was obligated to keep the calibration technology confidential regardless of whether that information was properly designated for protection under the IEA. Because there is evidence that Accu-Sort remained under independent obligations of confidentiality to FedEx when Accu-Sort received calibration technology from AOA, a reasonable jury could conclude that FedEx took reasonable measures to safeguard the technology that came into Accu-Sort's possession and that the technology qualifies as a common-law trade secret.

## IV. Conclusion

For the foregoing reasons, Accu-Sort's motion is DENIED.

So ordered this 5th day of July 2005.

*[signature]*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Accu-Sort claims that the Consulting Agreement expired on January 31, 1996, before the calibration technology was disclosed under the IEA. The substance of this claim is the subject of a separate motion for summary judgment. Even if Accu-Sort is correct, the Mutual Non-Disclosure Agreement alone is sufficient evidence for purposes of this motion to overcome summary judgment.

7

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 604 in case 2:01-CV-02503 was distributed by fax, mail, or direct printing on July 7, 2005 to the parties listed.

---

John Patterson Brumbaugh
KING & SPALDING
191 Peachtree St. N.E.
Atlanta, GA 30303--176

Michael R. Heyison
WILMER CUTLER PICKERING HALE & DOOR LLP
60 State St
Boston, MA 02109

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Grady M. Garrison
BUTLER SNOW O'MARA STEVENS & CANNADA, PLLC
P.O. Box 171443
Memphis, TN 38187--144

John R. Branson
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

John G. Fabiano
WILMER CUTLER PICKERING HALE & DOOR LLP
60 Hale St
Boston, MA 02109

Frank M. Holbrook
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

John J O'Malley
VOLPE & KOENIG, P.C.
30 S. 17th St.
Ste. 1600
Philadelphia, PA 19103

Cynthia J. Collins
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Charles F. Morrow
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Anthony Volpe
VOLPE & KOENIG, P.C.
30 S. 17th St.
Ste. 1600
Philadelphia, PA 19103

Michael W. Higginbotham
FEDEX CORPORATION- Hacks Cross
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

J. Brook Lathram
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Stephen R. Cochell
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

David Wade
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Cynthia D Vreeland
WILMER CUTLER PICKERING HALE & DORR LLP
60 State St.
Boston, MA 02109

Honorable Samuel Mays
US DISTRICT COURT