IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 DEC -9 PM 4:26

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
                      MEMPHIS

| | |
|---|---|
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil No. 01-2503 Ma/P |
| ) | |
| ACCU-SORT SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR DISCOVERY OF NEW TRADE SECRET CONTENTIONS, DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY BY LATE-DISCLOSED EXPERT WITNESSES, AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the court are the following motions: (1) Accu-Sort Systems, Inc.'s ("Accu-Sort") Motion for Discovery of FedEx's New Trade Secret Contentions, filed August 5, 2005 (dkt #638); (2) Federal Express Corporation's ("FedEx") Motion in Limine to Exclude Testimony by Late-Disclosed Expert Witnesses, filed May 25, 2005 (dkt #544); and (3) Accu-Sort's Motion for Reconsideration of the Court's Earlier, Pre-Continuance Ruling Precluding Defendant From Taking Discovery From UPS or UPS Witnesses, filed October 11, 2005 (dkt #686). On October 20, 2005, these motions were referred to the Magistrate Judge for determination.[1] On November 21, the court

---

[1] In its motion in limine, FedEx also argues for the exclusion of testimony from six fact witnesses who FedEx alleges were untimely disclosed by Accu-Sort. With respect to this

held a hearing on the motion.² Counsel for all parties, including counsel for non-party United Parcel Service ("UPS"), were present and heard. For the reasons below, Accu-Sort's motion for discovery is GRANTED in part and DENIED in part; FedEx's motion in limine is DENIED; and Accu-Sort's motion for reconsideration is DENIED.

### I. ACCU-SORT'S MOTION FOR DISCOVERY OF FEDEX'S NEW TRADE SECRET CONTENTIONS

In its supplemental response to interrogatories posed by Accu-Sort, FedEx identified, *inter alia*, the following categories of trade secrets that it claims were misappropriated:

> Category 1: [T]he first category of proprietary information at issue consists of methods and techniques for calibration of bar code scanners described in the Affidavit of Andy Jankevics at ¶¶ 20-27 thereof.
>
> . . .
>
> Category 3: The third category of proprietary information at issue relates to the dimensioner and is comprised of

---

motion, however, the District Judge's order of reference is limited to the issues relating to exclusion of Accu-Sort's two expert witnesses. See Order Granting Motion to Refer, entered October 20, 2005; see also Accu-Sort's Motion to Refer to Magistrate Judge Discovery Decisions Needed to Set Framework for the Four-Month Period Preceding Trial, filed October 11, 2005 (in which Accu-Sort asks for referral of only that part of FedEx's motion in limine relating to exclusion of two expert witnesses). Thus, this order does not address FedEx's motion in limine with respect to exclusion of the six fact witnesses.

²The hearing was originally scheduled for November 7, 2005. However, prior to the hearing date, the parties contacted the court and asked to continue the hearing to a later date to allow the parties an opportunity to attempt to resolve some or all of the disputes at issue in these motions. These discussions were unsuccessful, and as a result, the hearing was reset to November 21.

using data generated by the dimensioner to direct each bar code scanner where to look and/or where to focus its individual laser beams independently of one another, the result of which is the accurate location of each bar code on a particular package.

In its Motion for Discovery of FedEx's New Trade Secret Contentions, Accu-Sort argues that new discovery into these claims is warranted because FedEx has changed and broadened its characterizations of the trade secrets that FedEx claims were misappropriated. The court agrees, and will allow Accu-Sort to obtain limited discovery from FedEx related to these two claims of misappropriation.

### A. Category 3

On March 3 and 4, 2005, Accu-Sort deposed FedEx employee O.P. Skaaksrud, who had been designated by FedEx to represent the company and testify on its behalf in accordance with Federal Rule of Civil Procedure 30(b)(6). During his deposition, Skaaksrud was questioned about FedEx's interpretation of its claim concerning "Category 3" trade secret information:

> Q: I'm asking you to go back to the declaration of [FedEx employee Brett Bonner] where he identifies the category of trade secrets. He says: The third category of proprietary information at issue relates to the dimension, I assume he means the dimensioner, and is comprised of using data generated by the dimensioner to direct each bar code scanner and where to focus its individual laser beams independently of one another, the result of which is the accurate location of each bar code on a particular package. And you did describe this as a category of trade secrets that Federal Express thinks that Accu-Sort has taken or misappropriated, correct?
>
> A: We characterize that as a trade secret that Accu-Sort

-3-

> may have misappropriated.
>
> Q: Does Federal Express currently contend that Accu-Sort has taken or misappropriated this trade secret?
>
> A: As far as I know, in documents shown to me, *does not indicate that they have misappropriated that trade secret.*
>
> . . .
>
> Q: The MSDS system uses Accu-Sort's Omni Xs scanners, correct?
>
> A: That is correct.
>
> Q: And Accu-Sort modified the Omni X scanner for Federal Express so that the laser beams within the scanner could be independently focused, correct?
>
> A: That is correct.
>
> Q: It is that *independent focus that Federal Express is claiming is one of its trade secrets, correct?*
>
> A: That is correct.

(Skaaksrud Dep. at 245-46) (emphasis added).

On June 30, 2005, Accu-Sort deposed FedEx employee Brett Bonner, who had also been designated by FedEx to represent the company and testify on its behalf in accordance with Rule 30(b)(6). Bonner's testimony expanded the scope of FedEx's interpretation of Category 3, describing FedEx's Category 3 misappropriation claim as follows:

> Q: And what you are saying is that the - what Accu-Sort is doing, that you say is your trade secret, is that it is using information about the height of a parcel to decide whether to rely on the information from the laser that is focused near versus the laser that is focused far?

-4-

A: Or both of them.

Q: Is that what you are saying?

A: Maybe I should just say it again. Accu-Sort is using the information from the dimensioner to determine where the bar code was read in space, what zone it was read in, and appropriately assigned those coordinates to the proper package.

(Bonner Dep. at 28).[3]  Thus, FedEx's Category 3 misappropriation claim is no longer the independent focus feature of the NSDS scanner. The court finds that FedEx's interpretation of its Category 3 misappropriation claim has expanded, and that further, limited discovery on this claim is justified.

**B.   Category 1**

Accu-Sort also argues that, through Bonner's deposition, FedEx expanded its Category 1 misappropriation claim. In his deposition testimony, Skaaksrud confirmed that FedEx's Category 1 misappropriation claim related only to "methods and techniques for calibration of bar code scanners" on Accu-Sort's NSDS systems, and specifically noted that this claim did not relate to the calibration software for dimensioning systems. (Skaaksrud Dep. at 278). Skaaksrud further testified that, to the best of his

---

[3]Bonner further explained FedEx's Category 3 misappropriation claim: "What the third trade secret involves is the use of dimensioning data obtained before or after scanning the bar code, the use of data collected by the bar code scanner with reference to relative position and other intrinsic scanner data, the combination of which yields through a combined coordinate system the accurate assignment of a bar code to a package in three-dimensional space." (Bonner Dep. at 99).

-5-

knowledge, FedEx did not have any evidence that FedEx's calibration software correlating the dimensioner and bar code system had ever been disclosed to Accu-Sort. (Id. at 279).

Bonner's deposition testimony contradicted these statements. "So does - specifically does Federal Express have any evidence that Federal Express or AOA disclosed to Accu-Sort the concepts behind the calibration software, that is, *correlates dimensioner to the bar code subsystem* . . . the answer is an unequivocable, yes." (Bonner Dep. at 269) (emphasis added). This interpretation is broader than FedEx's earlier interpretation of its Category 1 claim, and the court finds that further, limited discovery from FedEx is warranted in light of this expanded trade secret claim.

### C. Remedy

The court will allow Accu-Sort to further depose a FedEx representative, selected by FedEx, in accordance Fed. R. Civ. P. 30(b)(6). The court will also allow Accu-Sort to further depose Andrew Jankevics. These depositions shall be completed within thirty (30) days from the date of this order.

The court DENIES Accu-Sort's request to depose David DeCook. Accu-Sort has failed to demonstrate how DeCook can provide information relevant to FedEx's expanded misappropriation claims.

### II. FEDEX'S MOTION TO EXCLUDE TESTIMONY BY LATE-DISCLOSED EXPERT WITNESSES

On February 17, 2004, the court entered an amended scheduling order that required FedEx to disclose its expert witnesses,

-6-

including the expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B), by August 15, 2004, and required Accu-Sort to disclose its expert witnesses by September 15, 2004. Accu-Sort did not timely comply with the expert disclosure deadline. Instead, on August 27, 2004, Accu-Sort disclosed only the identities of two experts, David C. Allais on liability issues and Glenn Newman on damages issues, along with their *curricula vitae*. On September 28, 2004, Judge Mays extended the deadline for Accu-Sort to provide its expert disclosures to November 15, 2004. On December 6, 2004, Accu-Sort filed under seal a Motion for Enlargement of Period for Defendant to Serve Its Rule 26 Expert Disclosures. The court conducted a hearing on this motion on January 11, 2005, and granted the motion on January 14, 2005.

On January 25, 2005, the parties appeared before Judge Mays for a status conference. The court extended the deadline for expert reports, allowing Accu-Sort until April 15, 2005 to provide FedEx with its Rule 26 expert reports. On March 16, Accu-Sort notified FedEx that it intended to retain a second damages expert, David Urey, in addition to Mr. Newman. On March 4, 2005, Accu-Sort disclosed Dr. Boyer as a consultant, and on March 22, Accu-Sort notified FedEx that it intended to use Dr. Kim Boyer, rather than David Allais, as its liability expert at trial. Reports for Mr. Urey and Dr. Boyer were provided to FedEx by the April 15, 2005 deadline. In the instant motion, FedEx asks the court to exclude

testimony of Mr. Urey and Dr. Boyer on the basis that these experts were not timely identified by Accu-Sort.

The court, after reviewing the transcript of the January 25 status conference, concludes that Accu-Sort's disclosure of Mr. Urey and Dr. Boyer was timely. By extending the deadline for expert disclosures to April 15, Judge Mays allowed Accu-Sort until that date to complete its expert disclosures, and did not expressly or impliedly limit Accu-Sort's expert reports to only the two experts previously disclosed to FedEx.

In any event, even if this court were to agree with FedEx that Accu-Sort's disclosure of Dr. Boyer and Mr. Urey was untimely under Judge Mays's order, the court nevertheless concludes that exclusion of these two experts would not be warranted. Rule 37(c)(1) provides for the exclusion of expert testimony when a "party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1). . . ." Fed. R. Civ. P. 37(c)(1). "This circuit has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified." Sexton v. Uniroyal Chemical Co., Inc., 62 Fed. Appx. 615, at **3 n.1 (6th Cir. 2003). Accu-Sort's expert disclosures, even if considered late, were harmless. Dr. Boyer replaced Mr. Allais as the liability expert, and therefore FedEx still only had to prepare for one liability

expert. Although Accu-Sort added one damages expert in Mr. Urey, it appears from his expert report that his testimony for the most part rebuts the opinion of FedEx's damages expert.

Finally, even assuming, *arguendo*, that the "late" disclosures were not harmless, Rule 37 provides that the offending party is not "permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to *or in lieu of this sanction,* the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(emphasis added). Striking Accu-Sort's expert witnesses based on a discovery violation would be a harsh remedy that would not be warranted under these circumstances. See Bonin v. Chadron Community Hosp., 163 F.R.D. 565, 566 (D. Neb. 1995); Luhman v. Dalkon Shield Claimants Trust, No. 92-1417, 1994 WL 542048, at *1 (D. Kan. Oct. 3, 1994). Therefore, FedEx's motion is DENIED. FedEx may depose Mr. Urey and Dr. Boyer within thirty (30) days from the date of this order.

### III. ACCU-SORT'S MOTION FOR RECONSIDERATION

In its third motion, Accu-Sort asks this court to reconsider its May 17, 2005 Order Granting Federal Express's Motion for Protective Order and Denying as Moot Non-Parties United Parcel Service, Inc. and David DeCook's Emergency Motion for Protective Order and Cross Motion for Protective Order and allow Accu-Sort to depose UPS engineer David DeCook.

As this court noted in its May 17 order, Accu-Sort first disclosed DeCook as a person with knowledge on March 16, 2005, nearly four years after its initial disclosures were originally due to FedEx. This court found that the late discovery sought by Accu-Sort violated the scheduling order entered in this case, and that "Accu-Sort [had] not sufficiently demonstrated to the court that allowing an extension of discovery is appropriate in this case." (Order Granting Federal Express's Motion for Protective Order and Denying as Moot Non-Parties United Parcel Service, Inc. and David DeCook's Emergency Motion for Protective Order and Cross Motion for Protective Order, May 17, 2005). Judge Mays affirmed this court's order in its Order on Pending Appeals, entered on June 27, 2005.

"Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case." Bowling v. Pfizer, Inc., 132 F.3d 1147, 1150 (6th Cir. 1998) (quoting Consolidation Coal Co. v. McMahon, 77 F.3d 898, 905 (6th Cir. 1996)). The Sixth Circuit has explained that the doctrine "dictates that issues, once decided, should be reopened only in limited circumstances, e.g., where there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice.'" United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994) (quoting Petition of United States Steel


Corp., 479 F.2d 489, 494 (6th Cir. 1973)). Accu-Sort offers neither substantially different evidence nor controlling case law that was overlooked in this court's first order. Rather, Accu-Sort argues that it "simply failed in its original papers to explain how important [DeCook's] testimony is to this case." (Def's Mem. in Support at 2).

The court finds that there is no compelling justification for this court to reverse its original order and allow Accu-Sort to depose DeCook. Accu-Sort has not offered evidence as to what DeCook's deposition testimony is expected to be, as it has not provided the court with an affidavit from DeCook. In its Memorandum in Support, counsel for Accu-Sort represents that Adaptive Optics Associates ("AOA") disclosed FedEx trade secrets to UPS employees by installing and testing an MSDS machine that UPS purchased from Accu-Sort. (Def's Mem. in Support at 6-7). Accu-Sort claims that DeCook, an engineer for UPS, watched an AOA employee calibrate the MSDS machine several times and engaged in conversations with the AOA employee in order to understand "what he was doing to calibrate the system and why." (Id. at 7). Yet, the value of DeCook's proposed testimony is highly questionable, at best, as Accu-Sort admits that "De Cook no longer remembers the details of the conversations." (Id.) Thus, this court has not been provided with sufficient evidence to conclude that a "manifest injustice" would occur if DeCook is unable to be deposed. Accu-

-11-

Sort's motion for reconsideration is therefore DENIED.

### IV. CONCLUSION

For the reasons above, Accu-Sort's Motion for Discovery of FedEx's New Trade Secret Contentions is GRANTED in part; FedEx's Motion to Exclude Testimony by Late-Disclosed Expert Witnesses is DENIED; and Accu-Sort's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

_/s/ Tu M. Pham_
TU M. PHAM
United States Magistrate Judge


December 9, 2005
Date

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 717 in case 2:01-CV-02503 was distributed by fax, mail, or direct printing on December 13, 2005 to the parties listed.

---

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

J. Brook Lathram
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

John R. Branson
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Grady M. Garrison
BUTLER SNOW O'MARA STEVENS & CANNADA, PLLC
P.O. Box 171443
Memphis, TN 38187--144

Frank M. Holbrook
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Scott Douglas Blount
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Michael R. Heyison
WILMER CUTLER PICKERING HALE & DOOR LLP
60 State St
Boston, MA 02109

Michael W. Higginbotham
FEDEX CORPORATION- Hacks Cross
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Stephen R. Cochell
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

John Patterson Brumbaugh
KING & SPALDING
191 Peachtree St. N.E.
Atlanta, GA 30303--176

Cynthia D Vreeland
WILMER CUTLER PICKERING HALE & DORR LLP
60 State St.
Boston, MA 02109

Charles F. Morrow
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Anthony Volpe
VOLPE & KOENIG, P.C.
30 S. 17th St.
Ste. 1600
Philadelphia, PA 19103

David Wade
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

John J O'Malley
VOLPE & KOENIG, P.C.
30 S. 17th St.
Ste. 1600
Philadelphia, PA 19103

John G. Fabiano
WILMER CUTLER PICKERING HALE & DOOR LLP
60 Hale St
Boston, MA 02109

Cynthia J. Collins
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Honorable Samuel Mays
US DISTRICT COURT