```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|  |  |
|---|---|
| **FEDERAL EXPRESS CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **ACCU-SORT SYSTEMS, INC.,** ) | No. 01-2503 Ma/P |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER ON PENDING APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING
DEFENDANT'S MOTION TO PRECLUDE**

Before the court is Defendant Accu-Sort Systems, Inc.'s, ("Accu-Sort") appeal of Magistrate Judge Tu Pham's ruling denying Accu-Sort's motion to preclude Plaintiff Federal Express Corporation ("FedEx") from introducing expert opinions that were developed for trial, or in the alternative, to compel FedEx's expert witnesses to express their developed-for-trial opinions in a report.

**I. Background**

On January 6, 2006, Accu-Sort filed a motion to preclude FedEx from introducing expert opinions that were developed for trial or, in the alterative, to compel FedEx's expert witnesses to express their developed-for-trial opinions in a report. FedEx filed

a memorandum in opposition on January 11, 2006. On January 11, 2006, the matter was referred to Judge Pham for determination. On January 13, 2006, Judge Pham held an expedited hearing on the motion and denied Accu-Sort's motion. Accu-Sort's appeal is before the court.

**II. Legal Standard**

This court may reject the magistrate judge's decision about a nondispositive matter only if that decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). See Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993). A decision is clearly erroneous when the court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). "[T]he clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)(citing Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985).

**III. Analysis**

In the January 13, 2006 Order ("Order"), the magistrate judge citing Navaho Nation v. Norris, 189 F.R.D. 610, 623 (E.D. Wash. 199) and certain cases following the reasoning of that case,

concluded that Fed. R. Civ. P. 26(a)(2)(B) does not require a party to provide an expert report for an employee witness. Accu-Sort argues that Judge Pham ignored considerable contradictory authority, misstated dicta, and did not consider the practical implications of his ruling.

In his Order, Judge Pham states that "courts have disagreed on the issue of whether Rule 26(a)(2)(B) requires a party to provide an expert report for an employee witness who offers an expert opinion and whose duties as an employee of the party do not regularly involve giving expert testimony" and lists numerous cases where courts have discussed the issue. (Id. at 3.) Although Accu-Sort cites several cases in support of its original motion, Judge Pham discusses only two of those cases. Judge Pham notes that both Prieto v. Malgor, 361 F.3d 1313, 1318-19 (11th Cir. 2004) and Day v. Consolidated Rail Corp., No. 95-968, 1996 WL 257654 1, 2-3 (S.D.N.Y 1996) are factually distinguishable from the present case because the experts in those cases were unconnected to the litigation and had no personal knowledge of the underlying facts.

Accu-Sort argues that Judge Pham ignored McCulloch v. Hartford Life & Accident Ins. Co., 223 F.R.D. 26 (D. Conn. 2004), a case directly on point which discusses hybrid witnesses, and misstated dicta in Prieto and Day. In McCulloch, the court discussed Day and noted that "the Day court recognized that there are situations in which an exception would apply, specifically when a witness is called primarily as a fact witness and will provide some expert testimony, as in the case of treating physicians." Id. at 6. In an

3

apparent contradiction, the McCulloch court holds ultimately that "[t]his court follows the interpretation of Rule 26(a)(2)(b)) set forth in Day and KW Plastics, and does not recognize an exemption based solely on the fact that Hartford's witnesses are employees, as suggested by Navajo Nation." Id.

Dicta are not binding and have no precedential value. See generally, U.S. v Dixon, 509 U.S. 688, 113 St 2849, 125 L.Ed. 556 (1993). Accu-Sort argues that Judge Pham misstated the courts' dicta in Prieto and Day, but that argument is without merit. Based on a review of the cases, Judge Pham's summary of the dicta was reasonable. As Accu-Sort acknowledges, courts disagree about whether employee experts should file expert reports under Fed. R. Civ. P. 26(a)(2)(B). Thus, Judge Pham's conclusions are supported by authority. Because Accu-Sort has failed to establish that the Order was clearly erroneous, its appeal is not well taken.

**IV. Conclusion**

For the foregoing reasons, Accu-Sort's appeal of the magistrate judge's order denying its motion to preclude is DENIED and the magistrate judge's order is AFFIRMED.

So ORDERED this 20th day of January 2006.

_____

4

            s/ SAMUEL H. MAYS, JR.
            UNITED STATES DISTRICT JUDGE