IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                                | )  |                    |
|--------------------------------|----|--------------------|
| FEDERAL EXPRESS CORPORATION,   | )  |                    |
|                                | )  |                    |
| Plaintiff,                     | )  |                    |
|                                | )  |                    |
| v.                             | )  |                    |
|                                | )  | No. 01-2503 Ma/P   |
| ACCU-SORT SYSTEMS, INC.,       | )  |                    |
|                                | )  |                    |
| Defendant.                     | )  |                    |
|                                | )  |                    |
|                                | )  |                    |

_____

ORDER ON MOTION **IN LIMINE**

_____


Before the court is Plaintiff Federal Express Corporation's
("FedEx") motion in limine to exclude all evidence, statements, and
references related to a witnesses's demotion, filed December 19,
2005, to which Defendant Accu-Sort Systems, Inc. ("Accu-Sort")
responded on January 4, 2006.  For the following reasons, FedEx's
motion is DENIED.

**I. Background**

This action arises out of Accu-Sort's alleged misappropriation
of Fedex's trade secrets and breaches of contract with FedEx.
(Mtn. in Limine at pg. 2).  Accu-sort assisted in the development
of a system for weighing and measuring packages (the "MSDS
System"), allegedly misappropriated the trade secrets gained from

developing the system, and sold a version of MSDS to United Parcel Service. (Id.)

Brett Bonner ("Bonner") is the FedEx employee who supervised the MSDS project, making him a key witness in the case. (Id.) As part of a counterclaim in a prior lawsuit, FedEx alleged that Bonner accepted bribes from a former FedEx client, Datasafe, tried improperly to influence FedEx to conduct business with Datasafe, and passed on sensitive information to Datasafe.(Id. at 2-3.) As a result of this alleged conduct, Bonner was demoted from his position as project manager, and FedEx seeks to exclude evidence surrounding the actions described above. (Id. at 3-4.)

The evidence in dispute consists of Bonner's deposition testimony, a FedEx memorandum informing Bonner of his demotion, and FedEx's answer and counterclaim in the matter of Datasafe, Inc., et al. v. Federal Express Corporation, et al., No. 01-2590 (Mass. Superior Ct., Oct. 22, 2002). FedEx argues that the above evidence is inadmissible under Fed. R. Evid. 402-04, 608, and 802, on the grounds of relevancy, prejudice, and hearsay.

**II. Analysis**

The evidence Accu-Sort seeks to introduce relates to a specific instance of Bonner's prior conduct. Accu-Sort argues that the evidence is relevant to his credibility as a witness. Thus, the standards governing character evidence under Fed. R. Evid. 608 apply, and FedEx's objections under Fed. R. Evid. 404 are

2

inapplicable.

Rule 404(a)(3) states that: "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except ... [e]vidence of the character of a witness, as provided in rules 607, 608, and 609." (Fed. R. Evid. 404(a)(3).) Fed. R. Evid. 608(b)provides:

> Specific instances of conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness....

Thus, under Rule 608(b), Accu-Sort may question Bonner about his role in the Datasafe matter on cross examination, although it may not seek to admit the disputed materials into evidence.

Accu-Sort further contends, however, that evidence surrounding Bonner's demotion is relevant to show his bias as a witness. Under Accu-Sort's theory, Bonner's conduct should have resulted in termination, but Bonner was merely demoted, rather than fired, in return for favorable testimony in this lawsuit. Although the Federal Rules of Evidence do not specifically permit admission, prior misconduct of a witness may be proved by extrinsic evidence. See, e.g., U.S. v. Abel, 469 U.S. 45, 46 (1984); United States v. Meyer, 803 F.2d 246, 249 (6th Cir. 1986) (holding that extrinsic evidence of misconduct is admissible if it "relates to beliefs of

the witness or to preexisting relationships" probative to bias). Notwithstanding Fed. R. Evid. 608(b), extrinsic evidence showing bias or interest on the part of a witness is admissible, if relevant and probative. See United States v. Phillips, 888 F.2d 38, 41 (6th Cir. 1989).

Based on discovery and deposition testimony, Accu-Sort contends that Bonner was demoted on September 17, 2002 because he "engaged in an inappropriate relationship with a potential vendor," "divulged sensitive and proprietary FedEx information to a third party," and "ignored FedEx policy and process regarding entering into contracts." (Resp. to Mtn. in Limine at 6.) Accu-Sort argues that, when Bonner executed his September 6, 2002 affidavit in this matter, his future with FedEx was in jeopardy and that he had a motive to testify in favor of FedEx to keep his job. (Id. at 2.) That evidence would be relevant and probative, and Accu-Sort may introduce it to support its theory of bias.

The evidence surrounding Bonner's demotion passes the threshold standards governing relevancy and prejudice under Rules 402 and 403. Parties are generally allowed to impeach the credibility of an adverse witness, and evidence suggesting prior dishonesty is relevant to that issue. That is especially true where, as here, the timing of the alleged dishonesty and the penalty for it are directly related to the witness's testimony in the case. Although the evidence is potentially prejudicial to

Bonner personally, it is prejudicial to FedEx, as a party to the litigation, only to the extent that Bonner's credibility is diminished.  That prejudice does not substantially outweigh the probative value of the evidence.

FedEx argues that the evidence about Bonner's demotion is hearsay.  Fed. R. Evid. 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Accu-Sort does not intend to offer the evidence of Bonner's demotion to prove that Bonner was demoted.  Accu-sort intends to offer the evidence to show that Bonner had a motive to testify in favor of FedEx.  FedEx's hearsay argument is not applicable.  Thus, the evidence is admissible under Fed. R. Evid. 402-03, 608(b), and 801-802.

## III. Conclusion

For the foregoing reasons, FedEx's motion in limine to exclude all evidence, statements and references related to Bonner's demotion is DENIED.


So ORDERED this 20th day of January 2006.


_____
s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

5

6