```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

**FEDERAL EXPRESS CORPORATION,**   )
                                   )
    **Plaintiff,**                 )
                                   )
v.                                 )         No. 01-2503 Ma/P
                                   )
**ACCU-SORT SYSTEMS, INC.,**       )
                                   )
    **Defendant.**                 )
_____

**ORDER ON PENDING MOTIONS IN LIMINE**
_____

Before the court are the following motions in limine filed by Defendant Accu-Sort Systems, Inc. ("Accu-Sort") : (1) June 1, 2005, motion to exclude certain testimony about knowledge of calibration in the bar code scanning industry, to which Plaintiff Federal Express Corporation ("FedEx") responded on June 17, 2005, (2) July 8, 2005 motion to exclude certain deposition testimony of Neil Borg, to which FedEx responded on August 24, 2005, and Accu-Sort replied on October 11, 2005, (3) July 8, 2005, motion to exclude certain evidence and arguments about the stock purchase agreement, to which FedEx responded on August 24, 2005, and Accu-Sort replied on October 11, 2005, (4) July 8, 2005, motion to preclude FedEx's damages expert from offering testimony in rebuttal to Accu-Sort's damages experts' opinions, to which FedEx responded on August 24, 2005, and Accu-Sort replied on

October 11, 2005, (5) July 8, 2005 motion to exclude certain evidence and arguments about the contemplated sale of MSDS to United Parcel Service, Inc. ("UPS"), to which FedEx responded on August 24, 2005, and Accu-Sort replied on October 11, 2005, (6) July 8, 2005, motion to exclude any claim, testimony or argument by FedEx about ownership of any Accu-Sort products or technology, and to redact paragraph 13 from the Consulting Agreement when it is offered into evidence, to which FedEx responded on August 24, 2005, and Accu-Sort replied on October 11, 2005, (7) July 8, 2005 motion to exclude evidence or argument about FedEx's desire that UPS not obtain a non-singulated system and for jury instruction, to which FedEx responded on August 24, 2005, and (8) July 8, 2005 motion to preclude FedEx from making certain arguments that conflict with the unambiguous terms of the FedEx/Accu-Sort Consulting Agreement, to which FedEx responded on August 24, 2005, and to Accu-Sort replied on October 11, 2005.

**I.   Motion To Exclude Certain Testimony About Knowledge of Calibration in Bar Code Scanning Industry**

Accu-Sort argues that Andy Jankevics ("Jankevics"), an employee of Adaptive Optics Associates, Inc. ("AOA"), must be prohibited from expressing opinions about knowledge of calibration in the bar code scanning industry for two reasons. First, under Federal Rule of Civil Procedure 26(a)(2)(A) an actor expert must confine his testimony to those opinions he learned in the course of his regular job duties.  Second, during the course of his job

duties Jankevics did not learn enough about the topics covered to opine about them. Accu-Sort requests that the court exclude similar testimony from any other 26(a)(2)(A) witness.

FedEx argues that Accu-Sort's motion is in effect a back-door motion for summary judgment. FedEx argues Jankevics learned enough about the bar code scanning industry during the course of his regular job duties. Further, FedEx contends the court has discretion to allow testimony outside of what was learned during the course of job duties and that the court should evaluate other testimony of witnesses on a case-by-case basis at trial.

Accu-Sort is correct. Because Jankevics has not submitted an expert report under Fed. R. Civ. P. 26(a)(2)(B), he is allowed to give an opinion based only about information learned in the scope of his regular job duties.[1] See Mohney v. USA Hockey, Inc., 300 F. Supp. 2d 556, 561-62 (N.D. Ohio 2004); Hawkins v. Graceland, 210 F.R.D. 210, 211 (W.D. Tenn. 2002). Accu-Sort has not, however, established that Jankevics did not learn the disputed information during the course of his job duties. Of course, the court cannot make any determination about witnesses who have not been identified.

It is undisputed that Jankevics developed the calibration system and explained the technology to Accu-Sort's Odenthal. As the developer, Jankevics would have knowledge about the principles

---

[1] An expert report is required only of those experts "who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony." Fed. R. Civ. P. 26.

already known in the field. Accu-Sort's motion to limit the testimony of Jankevics is DENIED, but Accu-Sort may object at trial if a proper foundation is not laid. As to unknown witness, Accu-Sort's motion is also DENIED. Accu-Sort may object at trial if a proper foundation is not laid for any other 26(a)(2)(A) witnesses.

**II. Motion to Exclude Certain Deposition Testimony of Neil Borg**

Accu-Sort argues that certain lines of deposition testimony of Neil Borg ("Borg"), a former Accu-Sort employee, should be excluded because it is inadmissable under Rules 602 and 403. Specifically, Accu-Sort contends that Borg lacks personal knowledge and that many of his statements are undisputedly inaccurate.

**A. Exclusion of 33:9 to 39:16**

Accu-Sort requests that 33:9 to 39:16 of Borg's deposition be excluded. FedEx argues that Accu-Sort is citing testimony out of context and that Borg's testimony shows that he does have personal knowledge. The court notes that Borg states that he does not have first hand knowledge:

    Q. Okay. How did you find out that Accu-Sort was developing a competing-a similar dimensioning system for UPS?
    A. I received a phone call or maybe I made the phone call, but at some point I was told that UPS was coming in to see a demonstration of mass scanning and dimensioning.
    Q. And did you attend the demonstration?
    A. No.

(December 19, 2002 Depo. Neil Borg 33:9-33:18.) Borg's deposition 33:9 to 39:16 constitutes hearsay because he admits that he heard about the development of a dimensioning system and never saw the demonstration. Further, even if FedEx does not offer the deposition to prove the matter asserted, the deposition testimony is highly prejudicial. Accu-Sort's motion is, therefore, GRANTED

4

with respect to lines 33:9-39:16.

**B.   Exclusion of 72:10-21**

Accu-Sort argues that 72:10-21 of Borg's deposition should be excluded because it clearly confuses facts.  FedEx argues that the disputed testimony shows that Borg tried to prevent the misappropriation.  The lines in dispute are:

```
     Q.  Did you ever tell anyone that one of the reasons you
resigned from Accu-Sort or began thinking about resigning from
Accu-Sort was because of Accu-Sort's plan to sell an MSDS to United
Parcel Service?
     A. I think it was a contributing factor, but at that point in
my career, there were bigger factors than that.
     Q.  Did you tell Brett Bonner that one of the reasons you
resigned was the planned sale of MSDS to United Parcel Service
("UPS")?
     A.  I don't recall telling him that, no.
```

(December 19, 2002 Depo. Neil Borg 72:10-72:21.) FedEx has never contended that Accu-Sort sold the MSDS system to UPS; instead, FedEx contends that Accu-Sort misappropriated the underlying technology in developing the NSDS system that was sold ultimately to UPS.  Therefore, the lines are inadmissable under Rule 403. Though the evidence is relevant, the probative value is outweighed by the danger of confusing or misleading the jury as to Accu-Sort's alleged acts of misappropriation.  Accu-Sort's motion is GRANTED.

**C.   Exclusion of 78:20 to 79:3**

Accu-Sort argues that  78:20 to 79:3 should be excluded under Rule 403. FedEx argues that the lines are relevant and central to their case.  The lines in dispute are:

```
     Q. Do you know if Accu-Sort disclosed to FedEx in 1999 or at
the point where you learned of a –Let me rephrase that.  At the
point where you learned of a demonstration of an MSDS to United
Parcel Service, do you know if Accu-Sort disclosed the fact it was
conducting such demonstration to FedEx?
```

```
     A. I don't know if they disclosed that no.
     Q. You don't know one way or the other; is that correct?
     A. That's correct.
```

(December 19, 2002 Depo. Neil Borg 78:20-79:3.)

FedEx's counsel refers to a demonstration of the MSDS system to UPS, but FedEx has never alleged nor is it reasonable to believe that Accu-Sort demonstrated the MSDS system to UPS. It is undisputed that FedEx and AOA demonstrated the MSDS system to FedEx and that later Accu-Sort demonstrated the NSDS system. Because the cited portion of the deposition will confuse and mislead the jury, it is excluded under Rule 403.

   **D. Exclusion of  79:17 to 80:3**

Accu-Sort argues that 79:17 to 80:3 should be excluded under Rule 403. FedEx argues that the lines are relevant and central to their case.  The lines in dispute are:

```
    Q. Let me just withdraw that question and approach it a
different way, because it's a long question and it's kind of
convoluted. Let me ask it differently. Do you know – After the
point where you learned of the plan to demonstrate an MSDS to
United Parcel Service, do you know if Accu-Sort ultimately did
disclose its demonstration of the MSDS to United Parcel Service?
    A.  I would say no, I don't know that.  I mean, they know
about it today.  So at some point it was disclosed.
    Q. And you don't know who disclosed it or how that information
came to light for FedEx?
    A. I don't know that, no.
```

(December 19, 2002 Depo. Neil Borg 79:17-80:3.)

FedEx's counsel refers to a demonstration of the MSDS system to UPS, but FedEx has never alleged nor is it reasonable to believe that Accu-Sort demonstrated the MSDS system to FedEx. It is

6

undisputed that FedEx and AOA demonstrated the MSDS system to FedEx and that later Accu-Sort demonstrated the NSDS system. Because the above portion of the deposition will confuse and mislead the jury, it is excluded under Rule 403.

**E.   Exclusion of 128:23 to 130:11**

Accu-Sort argues that 128:23 to 130:11 should be excluded under Rule 403. FedEx argues that the lines are relevant and central to their case.  The lines in question refer to Accu-Sort's developing MSDS for UPS. Because these facts have never been alleged by FedEx, it is likely that the jury would be misled or confused by the phrasing, making the evidence inadmissable under Rule 403. Accu-Sort's motion  to exclude these lines is GRANTED.

**III. Motion to Exclude Certain Evidence and Arguments About the Stock Purchase Agreement**

On October 15, 2003, D.H. Holdings Corporation entered into a Stock Purchase Agreement (the "Stock Purchase Agreement") with Accu-Sort and certain Accu-Sort stockholders.  Accu-Sort seeks to prevent FedEx from introducing the Stock Purchase Agreement into evidence.  Accu-Sort argues that FedEx should be allowed to cite to the Stock Purchase Agreement for the proposition that two witnesses (Al Wurz and David Wurz) have a financial stake in the outcome of the litigation, but should be prevented from introducing the Stock Purchase Agreement itself into evidence.  Specifically, Accu-Sort seeks to prevent the introduction of dollar figures mentioned in the Stock Purchase Agreement.

Accu-Sort argues that the marginal value of evidence of the

7

agreement's specific terms is substantially outweighed by the capacity of the evidence to mislead and confuse the jury and that those terms should be excluded under Rule 403. Accu-Sort also cites cases in which other courts have held that an indemnity agreement should be treated as an insurance agreement and that courts have treated indemnity agreements as Rule 411 insurance agreements. The court notes that the facts of those cases are not analogous to the facts in this matter.

For example, in <u>Hoselton V. Metz Banking Co.</u>, 48 F.3d 1056, 1060 *8th Cir. 1995), the court affirmed the exclusion of an indemnity agreement. In that case the court held that the indemnity agreement was not relevant to the interpretation of unambiguous agreements negotiated and signed four years earlier. Thus, the introduction of the indemnity agreement was meant to shed light on a contract that the court found to be unambiguous by its terms. Here, FedEx argues that the Stock Purchase Agreement will be used to impeach the credibility of Al Wurz, who denied in his deposition that his future payments under the Stock Purchase Agreement would be affected by the outcome of the litigation.

Accu-Sort's reliance on interpreting the indemnity agreement as an insurance contract is misplaced. Accu-Sort was unable to find a sixth circuit case for the proposition that an indemnity agreement should be interpreted as an insurance contract.

At this time, the court cannot exclude the Stock Purchase Agreement. Although the court notes that Accu-Sort has offered an alternative to introduction, FedEx should be given the opportunity to try its case within the limits of the Rules and the law.

The Stock Purchase Agreement is sufficiently probative that its value is not outweighed by the risk of confusing the jury. Accu-Sort's motion is, therefore, DENIED.

**IV. Motion to Preclude FedEx's Damages Expert from Offering Testimony in Rebuttal to Accu-Sort's Damages Experts' Opinions**

Accu-Sort argues that under Federal Rule of Civil Procedure 26(a)(2)(B), an expert witness is required to provide, in his report, a "complete statement of all opinions to be expressed and the basis and reasons therefor." Accu-Sort also notes that Federal Rule of Civil Procedure 26(a)(2)(C) requires supplementation of expert disclosures thirty days after the other party's expert report. Because FedEx's damages expert, Raymond Sims, has had ample opportunity to read the reports of Accu-Sort's experts and failed to do so, Accu-Sort contends that allowing the rebuttal testimony of Sims would significantly prejudice Accu-Sort. FedEx acknowledges that its damages expert has not read the report of Accu-Sort's experts, but contends that under Rule 703 that an expert may testify to things heard at trial.

Federal Rule of Civil Procedure 37(c) states in relevant part that a "party without substantial justification fails to disclose information required by Rule 26(a)...is not, unless such failure is harmless, permitted to use as evidence at a trial...information not so disclosed." FedEx has not offered substantial justification as to why its damages expert has not read the reports of Accu-Sort's experts. Accu-Sort would be harmed by not having adequate notice of the rebuttal testimony. Therefore, Accu-Sort's motion is GRANTED. Raymond Sims may not offer rebuttal testimony to Accu-

Sort's damages experts' opinions to the extent his opinions were not already disclosed in his expert reports.

**V.  Motion to Exclude Certain Evidence and Arguments About the Contemplated Sale of MSDS to UPS**

Accu-Sort moves to exclude evidence or arguments about the contemplated sale of MSDS to non-party UPS. Specifically, Accu-Sort seeks the exclusion of evidence about the amount of money that UPS would have paid for MSDS. Accu-Sort argues that this evidence is hearsay under Rule 802 and is so speculative as to be irrelevant. FedEx intends to offer several e-mails between AOA and FedEx in which employees discuss the pricing of MSDS for UPS.  Fed Ex argues that the e-mails are central to their case.  FedEx also argues that Accu-Sort's motion is premature and that the statements might be offered for another reason other than to prove the truth of the matter asserted or that it might fall under a hearsay exception.

At this juncture, Accu-Sort's motion is premature.  It might well be that FedEx's use of the evidence would be hearsay or irrelevant, but the court does not know how FedEx intends to use this evidence.  If, at trial, FedEx attempts to offer evidence that is hearsay and/or irrelevant, Accu-Sort may again raise its objection. Therefore, Accu-Sort's motion is DENIED.

**VI. Motion to Exclude Any Claim, Testimony or Argument by FedEx About Ownership of any Accu-Sort Products or Technology, and to Redact Paragraph 13 from Consulting Agreement When It Is Offered into Evidence**

Accu-Sort moves for an order excluding any claim, testimony or

10

argument by FedEx that it owns Accu-Sort products or technology and to redact paragraph 13 from the Consulting Agreement when it is offered into evidence. FedEx argues that the court should rule on the admissibility of such proof as it is presented at trial. The court has granted Accu-Sort's motion for summary judgment as to all ownership claims made by FedEx. with respect to all ownership claims made by FedEx. As a result, all arguments to that fact are excluded. Redacting Paragraph 13 from the Consulting Agreement would be premature. Based on the foundation that FedEx lays at trial, Paragraph 13 of the Consulting Agreement could be relevant to another aspect of the case. Accu-Sort may object when the Agreement is offered at trial. Accu-Sort's motion to exclude any claims by FedEx about ownership of Accu-Sort's products is GRANTED. Accu-Sort's motion to redact paragraph 13 from the Consulting Agreement is DENIED.

**VII. Motion to Exclude Evidence or Argument About FedEx's Desire That UPS Not Obtain A Non-Singulated System and for Jury Instruction**

Accu-Sort argues that evidence about FedEx's desire that UPS not obtain a non-singulated system be excluded as unfairly prejudicial and tending to confuse the jury. FedEx responds by arguing that it is obvious that FedEx would not want UPS, its biggest competitor, to have its technology and that if necessary Accu-Sort my renew objections at trial. Neither party lays a foundation for the introduction of such evidence. Accu-Sort's motion is premature. The court can not decide the relevance of such evidence until it is introduced at trial. Therefore, Accu-Sort's

11

motion is DENIED. Accu-Sort may renew its objection at trial, if appropriate. Accu-Sort may also renew a request for jury instruction at trial.

**VIII. Motion to Preclude FedEx From Making Certain Arguments That Conflict with the Unambiguous Terms of the FedEx/Accu-Sort Consulting Agreement**

Accu-Sort argues that the Court should prevent FedEx from arguing (1) that the Consulting Agreement Extended Beyond Its January 31, 1996 Expiration Date and (2) that the Consulting Agreement covered "work" beyond that specified in the September 1995 Change Order. As the court noted above and in its order on Accu-Sort's motion for summary judgment, there is a material factual dispute about whether the January 31, 1996 term was renewed by performance. If the contract was renewed by performance, the work done by Accu-Sort after the expiration of the 1995 Change Order would be covered by the Consulting Agreement.

FedEx argues that both parties extended the terms of the contract by performing as if the term of the contract had been renewed. Accu-Sort argues that the Consulting Agreement is unambiguous and that FedEx should be precluded from introducing evidence that conflicts with the terms of the agreement. FedEx argues that Accu-Sort gives no basis for its motion and that the term of the Consulting Agreement is relevant and probative. There is a material dispute about whether Accu-Sort by its continued

12

performance renewed the contract, including the definition of work thereunder.  Because Accu-Sort's continued performance is relevant to whether the term of the contract was renewed, Accu-sort's motion is DENIED.

### IX. Conclusion

Accu-Sort's motions *in limine* to exclude certain deposition testimony of Neil Borg and testimony or argument by FedEx about ownership of Accu-Sort products or technology and to preclude FedEx's damages expert from offering testimony in rebuttal not disclosed in his written reports are GRANTED.  Accu-Sort's motions *in limine* to exclude certain evidence and arguments about the contemplated sale of MSDS to UPS, testimony about knowledge of calibration in the bar code scanning industry, certain evidence and arguments about the stock purchase agreement, evidence or argument about FedEx's desire that UPS not obtain a non-singulated system and for jury instruction, and to preclude FedEx from making certain arguments that conflict with the unambiguous terms of the FedEx/Accu-Sort consulting agreement are DENIED.

So ORDERED this 20th day of January 2006.

_____

s/ SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE

13