```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|   |   |
|---|---|
| **FEDERAL EXPRESS CORPORATION,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **ACCU-SORT SYSTEMS, INC.,** ) <br> ) <br> **Defendant.** ) <br> ) <br> ) | No. 01-2503 Ma/P |

**ORDER ON FEDERAL EXPRESS CORPORATION'S MOTION <u>IN</u> <u>LIMINE</u>**

Before the court is Plaintiff Federal Express Corporation's July 1, 2005 motion <u>in</u> <u>limine</u> to exclude legal testimony from Kim Boyer, to which Accu-Sort responded on August 19, 2005.

Dr. Kim Boyer ("Boyer") is a professor of electrical and computer engineering. FedEx argues under Rule 702 that Boyer does not qualify as a legal expert on trade secrets. FedEx does not argue that Boyer is not an expert on trade secrets. Instead, it argues that Boyer should not reach legal conclusions about trade secrets because he lacks legal training. Therefore, FedEx seeks to exclude only Boyer's testimony about the legal definition of a trade secret and the ability of FedEx to meet the legal standard

1

for trade secrets.

Accu-Sort contends it has no desire to ask Boyer to "instruct the jury" and that Rule 704 of the Federal Rules of Evidence ("Rules of Evidence") specifically allows experts to opine on "ultimate issues." The rule states in relevant part that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

The court notes that FedEx does not argue that Boyer is not an expert or that his report is inadmissible. FedEx's contentions are solely based on preventing Boyer from drawing legal conclusions. Because FedEx does not question Boyer's ability to understand the technologies at issue and to determine whether they were misappropriated, there is no basis to prevent Boyer from testifying on the ultimate issue. Therefore, FedEx's motion to exclude Boyer's testimony as to legal conclusions is DENIED. FedEx may object at trial should Accu-Sort ask Boyer to instruct the jury on the law.

For the foregoing reasons, FedEx's motion <u>in</u> <u>limine</u> is DENIED.

So ORDERED this ___ day of January 2006.

_____

s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE